972 F.2d 353
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Kasib Tauheed BILAL, Appellant,
v.
G. HITZ; J. Williams, Lt.; H. Glass, Appellees.
 No. 91-1745.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 11, 1991.
Filed: July 10, 1992.
 
 Before JOHN R. GIBSON, WOLLMAN and MAGILL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Kasib Tauheed Bilal appeals from an order of the district court dismissing his claim based on First and Fourteenth Amendment violations arising out of refusal of prison authorities to recognize his Muslim name and expelling him from disciplinary proceedings because of his insistence in the use of the Muslim name. The district court held that the First Amendment claim was now moot as prison authorities had changed his commitment-name and concluded that any Fourteenth Amendment claims were defeated by qualified immunity. We affirm the judgment of the district court.
 
 
 2
 This case was before us earlier in Bilal v. Davis, 918 F.2d 723 (8th Cir. 1990). We remanded the First and Fourteenth Amendment claims for reconsideration in light of Salaam v. Lockhart, 905 F.2d 1168 (8th Cir. 1990). The district court held further proceedings upon remand and recognized that appellant's commitment-name had been changed to Kasib Bilal on October 29, 1990, and therefore his First Amendment claim was moot. The district court recognized that in a related case which Bilal brought against prison authorities with respect to the use of his Muslim name, prison authorities had made the change in the commitment-name, Bilal v. Stephens, No. 90-2214 (Feb. 19, 1991). In Stephens we dismissed Bilal's claim for injunctive relief as moot in light of the change of his claim and affirmed the denial of his claim for damages as barred by qualified immunity.
 
 
 3
 The same reasoning applies in this case. Bilal's action is based on occurrences in June and July, 1986, and contains the claim that prison authorities refused to recognize the Muslim name, and when disciplinary proceedings were conducted would not allow Bilal to be present at those proceedings when he insisted on the use of his Muslim name rather than his commitment name.[1] As in Bilal's companion case, the practice of prison authorities as to the name has been changed and the issue is moot. With respect to any claim he asserts for damages, the law on this issue was not clearly established as to the commitment-name policy violating Bilal's rights in 1986, long before the Salaam opinion in 1990. Accordingly, the prison authorities are entitled to qualified immunity in this case as well. We affirm the judgment of the district court.
 
 
 
 [1]
 A disciplinary charge was based on a threat Bilal made to officers on June 3, 1986. At the hearing on this charge, Bilal was present and stated that he wanted to be called by his Muslim name. On July 22 he was given direct orders to go to work and refused, and on this occasion because of his insistence on use of the Muslim name, the committee determined that he had waived the right to make a statement and the committee accepted the officer's eyewitness testimony to the refusal to work. On July 18 Bilal was charged with refusing to follow orders to proceed to the shower area with other inmates and again insisted on use of his Muslim name, and his testimony was considered waived and the hearing action showed that a disciplinary officer was an eyewitness of the factual bases for the decision